# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 27, 2016

**FILED & SERVED ELECTRONICALLY**

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:  The Medicines Company v. Eagle Pharmaceuticals, Inc. *et al.*
     2:16-cv-00569-SRC-CLW

Dear Judge Waldor:

  This firm represents Defendants Eagle Pharmaceuticals, Inc., Scidose, LLC, and Theradose Pharma Pvt. Ltd. (collectively, "Defendants") in the above-referenced action.  We are providing this brief status letter in advance of the Rule 16 conference Tuesday and in response to Mr. De Lorenzi's letter dated June 23, 2016.

  We have spent the past week resetting the case in light of Greenberg Traurig's ("Greenberg") stated intention to withdraw as Defendants' counsel.  We believe we have reached resolutions in concept with Plaintiff's counsel on the pending Motion to Unseal (Dkt. No. 23) and on the timing of the reply in support of Defendants' Motion to Dismiss (Dkt. No. 47) and are working to finalize and document those agreements now.  We believe the only outstanding point on Plaintiff's Motion to Disqualify (Dkt. No. 45) is whether we will have access to Greenberg to obtain purely historical information about the arbitration, the termination, and related events.  We will not discuss tactics or strategy regarding this matter with Greenberg personnel, and we anticipate that the Greenberg attorneys who previously represented Plaintiff will be walled off and not involved in providing such historical information.  If further briefing on this matter is appropriate, we would ask the Court to set a schedule so that we can properly address it.

  Of course, we anticipate promptly working out a proposed schedule and all other matters regarding the instant case, but are asking the Court's indulgence while we retain local counsel and obtain the Arbitration Award and unredacted briefing on the Defendants' Motion to Dismiss from Plaintiff's counsel so that we can familiarize ourselves with the entire relevant record for this case.  As the Court is aware, we have not been able to obtain that record to date because of Plaintiff's objections, which we are working with Plaintiff's counsel to resolve.  In addition, we

LATHAM&WATKINS LLP

should note that Greenberg was not just co-counsel, but also local counsel, and Defendants had planned to have Greenberg personnel handle such matters.

We look forward to meeting with the Court Tuesday and to moving this matter ahead.

Best regards,

/s/ Kevin McDonough
Kevin McDonough
of Latham & Watkins LLP

cc: All Counsel of Record via Email