

DAVID E. DE LORENZI
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4743 Fax: (973) 639-6235
ddelorenzi@gibbonslaw.com

June 27, 2016

**FILED & SERVED ELECTRONICALLY**

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

      Re:    **The Medicines Company v. Eagle Pharmaceuticals, Inc.** *et al.*
            **2:16-cv-00569-SRC-CLW**

Dear Judge Waldor:

      As Your Honor knows, we represent Plaintiff, The Medicines Company, in the above-referenced action. We are writing in response to counsel for Defendants', Latham and Watkins ("Latham"), letter from this morning.

      Latham's letter states that they are still looking to "retain local counsel" and that they "anticipate promptly working out a proposed schedule and all other matters regarding the instant case." However, the letter states that Defendants also want to move forward with tomorrow's Rule 16 conference.

      But, as the Court and Latham know well, to have a Rule 16 conference, the parties need to first meet and confer, and then provide the Court, with a proposed joint discovery plan. Fed. R. Civ. P. 26(f); Local Rule 2.1(a). As noted in our letter on Friday, The Medicines Company has made numerous attempts to confer with Latham in preparing and finalizing a joint discovery plan, only to be ignored. The Medicines Company respectfully submits that until Defendants engage in the mandatory meet and confer process, and work with The Medicines Company to prepare a joint discovery plan, the parties are not prepared to participate in a Rule 16 conference.

      We are also surprised by Latham's professed need to "retain local counsel." Mr. McDonough, the Latham attorney who signed their letter, is an admitted New Jersey attorney. Moreover, Mr. McDonough's own letterhead shows that Latham has a New Jersey office. The obvious inference is that Latham is more interested in the delay attendant to this request. Latham clearly has the New Jersey lawyers it needs to move forward with this case. Again, its own *pro hac vice* motions say so ("I am familiar with the facts of this case… Defendants have requested that I actively participate in this matter…"). *See, e.g.,* Dkt. No. 12-1.

      Latham's letter also states that "the only outstanding point on Plaintiff's Motion to Disqualify (Dkt. No. 45) is whether [Latham] will have access to Greenberg…" However, as noted in our letter to Your Honor last week, that motion went unopposed. Defendants' time to make this request, really a partial opposition or carve-out from the relief requested in the

GIBBONS P.C.

Honorable Cathy L. Waldor, U.S.M.J.
June 27, 2016
Page 2

disqualification motion, has passed.  Accordingly, again, we respectfully submit that the Court should enter an order granting the motion.

Even if the Court is inclined to permit Defendants to make their delinquent request, then The Medicines Company respectfully requests that the Court order Defendants to file a letter brief responding to our March 23, 2016 letter so the issues may be properly joined and argued. While in its letter Latham pays passing lip service to this District's required (and timely) motion briefing process by now inviting the Court to say "[i]f further briefing on this matter is appropriate," the fact is that neither Greenberg, Latham or Defendants have submitted an iota of briefing in opposition to Plaintiff's motion for disqualification.  And, insofar it is Defendants' burden to show that, notwithstanding Greenberg's now admitted disqualification, Greenberg should for some reason be granted a discretionary exception to their disqualification to permit continued communications with Latham:  1) Defendants have never asked the Court for that exception; 2) even now, Defendants have never briefed that exception; 3) to the contrary, Defendants allowed the motion to disqualify to go unopposed; and 4) as detailed in our letter last week, even if Defendants were to request it, Defendants are not entitled to that exception here.

As Your Honor would imagine, we are particularly concerned here that Defendants not be permitted to continue raising arguments in this action on an *ad hoc* basis, no less so at the Rule 16 conference to prejudice the critical relief The Medicines Company seeks in the disqualification motion.  The Medicines Company's showing of disqualification is overwhelming.  Indeed, the facts speak for themselves -- such that Defendants did not even formally oppose it.  Latham's belated claim for "historical information" is disingenuous, as it would eviscerate the remedy of disqualification, any such plea has at this point been procedurally waived and, finally any suggestion to the contrary should be the subject at least of written argument in a letter brief.

Nevertheless, at the very least, The Medicines Company requests that the Court adjourn the currently scheduled Rule 16 conference and order Defendants, once again, to engage in the mandatory meet and confer process of preparing and finalizing a joint discovery plan to submit to the Court.

We thank Your Honor for your courtesy and attention to this matter.

                              Respectfully,

                              s/ David E. De Lorenzi
                              David E. De Lorenzi

cc: All Counsel of Record via Email